**Karen ANN, Plaintiff—Appellant,**

v.

**Roy TINDLE; Heather Blough; Gary Oneto; Tina Oneto; Bechtel Creek Village; Mendocino County Community Development Commission, Defendants—Appellees.**

No. 07–16744.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2009.*

Filed April 3, 2009.

Herman A.D. Franck, Esquire, Elizabeth Vogel, Esquire, Franck & Associates, Sacramento, CA, for Plaintiff–Appellant.

Kevin Gilbert, Kathy E. Mount, Esquire, Meyers, Nave, Riback, Silver & Wilson, Oakland, CA, Michael O'Flannigan, Meyers Nave Riback Silver & Wilson, San Francisco, CA, for Defendants–Appellees.

Before: WALLACE, THOMAS and BYBEE, Circuit Judges.

MEMORANDUM **

The facts and procedural history are familiar to the parties and we do not repeat them here. After Mendocino County Community Development Commission ("MCCDC") obtained a default judgment against Karen Ann for unlawful detainer, Ann brought suit against MCCDC in the Northern District of California for a violation of 42 U.S.C. § 1983 and breach of contract. Both proceedings arose from the termination of her lease and subsequent eviction. The district court granted MCCDC's motion to dismiss, ruling that Ann's claims were barred by res judicata. Ann timely appealed.

Ann's breach of contract and civil rights claims concern the same primary right as the unlawful detainer action MCCDC had filed against Ann. "Two proceedings are on the same cause of action if they are based on the same 'primary right.'" *Fed'n of Hillside & Canyon Ass'ns v. City of Los Angeles,* 126 Cal.App.4th 1180, 24 Cal.Rptr.3d 543, 557 (Cal.Ct.App.2004). A primary right concerns the particular injury the plaintiff suffered, "regardless of the legal theory on which liability for the injury is based." *Id.* Ann's claims concern the same primary rights decided in the

ed by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

unlawful detainer action: her rights to the apartment. Bringing civil rights and breach of contract claims involves pleading a different theory of recovery, but addresses the same injury. *Zimmerman v. Stotter*, 160 Cal.App.3d 1067, 207 Cal.Rptr. 108, 112 (Cal.Ct.App.1984). Accordingly, the claims are barred by res judicata.

Additionally, the district court did not abuse its discretion by denying Ann's motion for leave to amend her complaint. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995). Futility is a sufficient ground upon which to deny leave to amend. *Id.* Adding more facts, and reconstructing the events "play by play" as Ann proposes, would not serve to differentiate the claims in the two proceedings.

**AFFIRMED.**